UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIM S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5833-MLP <br><br> ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical opinion evidence. (Dkt. # 12 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1967, has a GED, and worked as a logger. AR at 61, 243. Plaintiff was last gainfully employed in 2014. *Id.* at 243. In May 2019, Plaintiff applied for benefits, alleging disability as of July 5, 2013. AR at 204-10. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 117-20, 124-30. After the ALJ

ORDER - 1

conducted a hearing in June 2021 (*id*. at 55-78), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 40-50.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). In this case, Plaintiff argues that the ALJ erred in assessing multiple medical opinions, each of which the Court will address in turn.

### A. Curtis Greenfield, Psy.D.

Dr. Greenfield examined Plaintiff in November 2019 and completed a DSHS form opinion describing Plaintiff's symptoms and limitations. AR at 476-81. Based on testing he performed, Dr. Greenfield diagnosed Plaintiff with malingering and indicated that he could not determine whether Plaintiff's cognitive deficits were the result of the malingering, a traumatic brain injury, or substance abuse. *Id*. at 477-79.

The ALJ found that the limitations identified by Dr. Greenfield were not persuasive because they were not supported by the examination findings, which suggested malingering, and inconsistent with Plaintiff's minimal mental health treatment and other testing showing malingering. AR at 48. Plaintiff argues that the ALJ's supportability finding is erroneous because his assumption that Dr. Greenfield "was not capable of rendering a proper assessment based on his professional examination and understanding of legitimate symptoms vs malingering is unsupported." (Dkt. # 12 at 6.) But Dr. Greenfield himself acknowledged that he could not differentiate between cognitive/mood limitations caused by traumatic brain injury or substance misuse or malingering. *See* AR at 479. Plaintiff's argument to the contrary is therefore

ORDER - 3

unavailing. Given that Dr. Greenfield himself cast doubt on the reliability of his conclusions, the ALJ reasonably found his conclusions to be unsupported.

Because the ALJ's finding as to the supportability of Dr. Greenfield's opinion is reasonable and supported by substantial evidence, any alleged error as to the ALJ's consistency finding is harmless. *See Woods*, 32 F.4th at 793 n.4 (finding that even if an opinion is supported, an ALJ may properly find it unpersuasive because it is inconsistent with the record). Thus, the Court affirms the ALJ's assessment of Dr. Greenfield's opinion.

**B.  Nickolas Jones, Ph.D.**

In August 2019, Dr. Jones examined Plaintiff and wrote a narrative report describing his symptoms and limitations. AR at 520-22. Dr. Jones's discussion section reads as follows, in pertinent part:

> Given his symptoms, [Plaintiff] cannot be reasonably expected to work in an employment setting. [Plaintiff] will struggle to get along with employers, coworkers, and customers in a work environment due [to] memory concerns and is unable to complete required tasks with any level of proficiency. [Plaintiff] will experience a very high level of absenteeism and will face significant struggles in obtaining and maintaining employment even with accommodations. It is recommended that [Plaintiff] continue individual counseling on an ongoing basis. All physical symptoms are referred to a medical provider.

*Id*. at 522. The ALJ found Dr. Jones's opinion unpersuasive because Dr. Jones did not perform any validity testing, and other evidence reveals malingering upon testing. *Id*. at 48. The ALJ also found Dr. Jones's opinion to be inconsistent with Plaintiff's minimal mental health treatment and his own report that he could manage his activities of daily living independently, as well as Plaintiff's normal mental status examination results on other occasions. *Id*.

Plaintiff challenges the ALJ's supportability finding, arguing that Dr. Jones did rely upon testing that included validity measures, noting that Dr. Jones referenced the testing performed by psychology intern Jordan Houghton. (Dkt. # 12 at 10 (citing AR at 520).) Dr. Jones indeed noted

ORDER - 4

that Mr. Houghton's testing showed that Plaintiff's memory functioning was exceptionally low (AR at 522) but failed to acknowledge that elsewhere in his report (*id*. at 451-52), Mr. Houghton found that the evidence suggested that Plaintiff was malingering his memory deficits. *See id*. at 440-55. Under these circumstances, because Dr. Jones purported to rely on Mr. Houghton's testing without accounting for the test results in their entirety, the ALJ reasonably found that Dr. Jones's conclusions were not adequately supported and therefore unpersuasive.

Because the ALJ's finding as to the supportability of Dr. Jones's opinion is reasonable and supported by substantial evidence, any alleged error as to the consistency finding is harmless. *See Woods*, 32 F.4th at 793 n.4. Thus, the Court affirms the ALJ's assessment of Dr. Jones's opinion.

C.     **Shirley Deem, M.D.**

Dr. Deem examined Plaintiff in August 2019 and wrote a narrative report describing his physical symptoms and limitations. AR at 515-18. Dr. Deem found that Plaintiff could stand/walk at least two hours in an eight-hour workday, and that he must periodically alternate between sitting and standing. *Id*. at 517. Dr. Deem also found that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently and could perform postural and manipulative activities on an occasional basis. *Id*.

The ALJ found this opinion unpersuasive because: (1) the limitations are unsupported by Dr. Deem's testing, which showed normal range of motion and above average muscle strength, bulk, and tone, and none of Dr. Deem's findings support her opinion as to Plaintiff's manipulative abilities; and (2) the limitations are inconsistent with the treatment record, which shows Plaintiff's normal muscle tone and coordination, improved pain with standing, and no evidence of complaints of hand problems. AR at 47.

ORDER - 5

Plaintiff contends that in finding Dr. Deem's opinion unsupported, the ALJ overlooked Plaintiff's presentation during her examination, specifically his limited range of motion in the right ankle and his limping gait protecting the right ankle. (Dkt. # 12 at 13.) Dr. Deem did observe a limping gait but found that Plaintiff's range of motion in his ankles was normal and did not reference any foot-related or ankle-related diagnosis. *See* AR at 516-17. On reply, Plaintiff clarifies that he intended to refer to the reduced range of motion in his right knee, not his ankle. (Dkt. # 19 at 6.) But Dr. Deem indicated that Plaintiff also had normal range of motion in his knees, although she had noted diminished flexion and extension of his proximal knee. *See* AR at 516. Moreover, while Dr. Deem observed Plaintiff's limping gait protecting the right ankle, she also opined that he did not use or require an assistive device, as the ALJ noted. *See id*. at 516-17. Although Plaintiff has identified evidence that he believes could support a contrary supportability finding, he has failed to show that the ALJ's interpretation of Dr. Deem's findings was unreasonable or unsupported by substantial evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Furthermore, Plaintiff has failed to show that the ALJ's consistency finding is erroneous. Plaintiff points to his complaints of worsening back pain, as well as evidence of a hand injury in June 2019 and a prior rotator cuff injury, arguing that this evidence supports Dr. Deem's conclusions. (Dkt. # 12 at 14-17.) But the ALJ discussed the evidence related to Plaintiff's back complaints and rotator cuff injury (AR at 45-46) and explained why the evidence did not corroborate Plaintiff's allegations of disabling limitations caused by these impairments. As to the shoulder, the ALJ emphasized that Plaintiff sought treatment in December 2019 for his 2014 shoulder injury, at which point his physician prescribed capsaicin cream, and Plaintiff did not

ORDER - 6

seek additional shoulder treatment after that. *See id*. at 45-46. Plaintiff has not shown that this shoulder-related evidence undermines the ALJ's assessment of the longitudinal record or his finding that Dr. Deem's conclusions were inconsistent with the record.

As to Plaintiff's back complaints, the ALJ noted that Plaintiff fell in April 2020 and injured his back again but was able to ambulate and did not present with any neurological symptoms.[1] AR at 46 (citing *id*. at 977-78). Subsequent treatment notes confirm that Plaintiff could ambulate and also documented normal range of motion. *Id*. at 980, 983. As the ALJ stated (*id*. at 46), Plaintiff reported that physical therapy increased his pain, but he did experience improvement as to pain and functionality with medication. *Id*. at 986-87. The ALJ also noted that Plaintiff underwent diagnostic medical branch block injections in December 2020 and May 2021. *Id*. at 46. As with the shoulder evidence, Plaintiff has not shown that the back-related evidence undermines the ALJ's assessment of the longitudinal record or his finding that Dr. Deem's conclusions were inconsistent with the record.

Plaintiff's reference to his June 2019 hand injury is also unavailing because there is no evidence that this injury resulted in ongoing limitations. *See* AR at 505-12 (notes related to Plaintiff's emergency treatment after crushing his thumb in a door). By the time of Dr. Deem's examination, Plaintiff had normal range of motion in his thumb and no sensory deficits in his arms or legs. *See id*. at 517. Plaintiff has failed to identify any hand-related evidence that would undermine the ALJ's finding that Dr. Deem's conclusions were inconsistent with the record.

---

[1] Prior to this fall, Plaintiff reported that his chronic back pain worsened with sitting and "improved somewhat" with standing. *See* AR at 974. The ALJ described this note as showing that Plaintiff experienced "improved pain with standing" (*id*. at 47), and although Plaintiff contends (dkt. # 12 at 14) that the evidence does not support that interpretation, Plaintiff has failed to identify any specific contradiction.

Although Plaintiff urges the Court to interpret the medical evidence in a manner consistent with Dr. Deem's opinion, he has not shown that the ALJ's interpretation is unreasonable or unsupported by substantial evidence. The Court declines Plaintiff's invitation to reweigh the evidence, and because Plaintiff has failed to establish error in the ALJ's supportability or consistency findings, the Court affirms the ALJ's assessment of Dr. Deem's opinion.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 25th day of April, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge